**Darran McLAUGHLIN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ST. FRANCIS COUNTRY HOUSE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 13, 2002.

Decided Sept. 25, 2002.

Anna V. Rio, Upper Darby, for petitioner.

Audrey J. Copeland, Newtown Square, for respondent.

Before: FRIEDMAN, Judge, COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Darran McLaughlin (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the workers' compensation judge (WCJ) to, *inter alia,* impose a penalty against St. Francis Country House (Employer) for unilaterally terminating Claimant's medical benefits. The issue on appeal is whether Employer's refusal, pending its petition for termination, to pre-approve a scheduled surgery recommended by Claimant's treating physician without obtaining a supersedeas or any other authority to do so and without disputing the reasonableness or necessity of the surgery in accordance with Section 306(f.1)(6) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(6), constitutes a violation of the Act justifying the WCJ's imposition of a penalty. We reverse.

The following relevant facts found by the WCJ are undisputed. Claimant sustained a lower back injury on February 29,

1996, while lifting furniture in the course of his employment with Employer as a maintenance mechanic. After the injury, Claimant was treated by Dr. Mitchell Krause, a board-certified family practitioner, and Dr. Michael Cohen, who is board-certified in neurology and electromyography. In a decision dated December 1, 1997, the WCJ awarded Claimant disability benefits for the February 29, 1996 work injury. On June 2, 1999, Employer filed a petition to review the medical treatment and a petition to terminate, modify or suspend Claimant's benefits, alleging that he had fully recovered from the work injury and was capable of returning to work without restrictions. Employer did not obtain a supersedeas pending its petitions.

Upon his subsequent examination of Claimant, Dr. Cohen found that Claimant had not responded to the conservative treatment and that his condition had worsened. Dr. Cohen recommended that Claimant undergo a lumbar laminectomy. Claimant was then referred to Dr. Hagop DerKrikorian, who scheduled the recommended surgery for September 10, 1999. Claimant thereafter underwent various pre-admission tests.

On September 1, 1999, the personnel at the Riddle Memorial Hospital called Donna Amodei, the claim service representative of Employer's insurance carrier, to obtain pre-approval of the surgery scheduled for September 10, 1999. Amodei refused to authorize the surgery, stating in a letter sent to Dr. DerKrikorian and the Riddle Memorial Hospital:

> This will confirm our telephone conversation of September 1, 1999 whereby, I advised you that I am denying the surgical procedure which has been scheduled for September 10, 1999.
>
> As discussed, we had Darran McLaughlin examined on May 20, 1999. Our examining physician indicated that the claimant's incident of February 29, 1996 has resolved, but remains to be effected [sic] by the pre-existing degenerative disc disease of the lumbar spine at 2 levels.
>
> Based on this information, a Termination Petition has been filed and is presently pending before Judge John Liebau.
>
> Since this case is presently in litigation, I am not authorizing any treatment. This case will go to a decision.

Donna Amodei's Letter dated September 1, 1999.

On September 9, 1999, Claimant filed a petition for utilization review (UR) of the treatment provided by Dr. Krause since May 4, 1999. On September 28, 1999, Claimant also filed a petition for penalties, alleging that Employer and its insurance carrier refused to pay medical benefits and intentionally engaged in a course of conduct effectively preventing him from being admitted to the hospital for the surgery recommended by his treating physician.

After hearings, at which both parties presented evidence to support their petitions, the WCJ accepted as credible the testimony of Claimant and his treating physicians, Drs. Krause and Cohen, and rejected the conflicting testimony of Employer's medical witness. The WCJ found that Claimant had not fully recovered from the work injury, that his work-related condition had not changed, and that the medical treatment provided by Dr. Krause was reasonable and necessary. The WCJ accordingly denied Employer's petitions and granted Claimant's UR determination petition. The WCJ ordered Employer to pay for Claimant's medical treatment related to his February 29, 1996 work injury, including the surgery that was scheduled for September 10, 1999, but was not performed due to Employer's refusal to grant the provider's request for pre-approval.

The WCJ further found that Employer's failure to authorize the scheduled surgery without challenging its reasonableness or necessity in a properly filed UR determination petition constituted a violation of the Act and the WCJ's previous December 1, 1997 decision. The WCJ accordingly assessed a penalty against Employer in the amount of 20% of Claimant's compensation from September 10, 1999, the date of the scheduled surgery, to November 13, 2000, the date of the WCJ's decision. Employer appealed challenging only the WCJ's imposition of the penalty.

On appeal, the Board concluded that Employer's refusal to pre-approve the scheduled surgery did not constitute a violation of the Act. In support, the Board stated that Section 306(f.1)(5) of the Act only requires the employer to make payment for the treatment within thirty days after receiving medical bills and records from the provider, and that the employer has no obligation under the Act to pre-certify or pre-approve a scheduled treatment or seek a prospective UR determination to dispute the reasonableness or necessity of the treatment. The Board accordingly reversed the WCJ's decision to assess the penalty against Employer. Claimant's appeal to this Court followed.[1]

 The WCJ is authorized to assess penalties against the employer for violating a provision of the Act or the regulations pursuant to Section 435 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991. *Farance v. Workers' Compensation Appeal Board (Marino Bros.)*, 774 A.2d 785 (Pa.Cmwlth. 2001), *appeal denied*, 567 Pa. 748, 788 A.2d 380 (2001). The imposition of a penalty and the amount of the penalty to be im-

posed are left to the sound discretion of the WCJ; therefore, the WCJ's decision to impose a penalty will not be overturned on appeal absent an abuse of discretion. *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc.)*, 166 Pa.Cmwlth.512, 646 A.2d 713 (1994).

Claimant contends that Employer violated the Act by refusing to pre-approve the scheduled surgery and thereby effectively preventing him from receiving the treatment recommended by his treating physician without obtaining a supersedeas or properly challenging the reasonableness or necessity of the surgery, and that the Board therefore erred in reversing the WCJ's assessment of the penalty against Employer.

The employer has an obligation to pay reasonable and necessary medical expenses incurred for the claimant's work injury under Section 306(f.1)(1)(i) of the Act, which provides:

> The employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians or other health care providers, including an additional opinion when invasive surgery may be necessary, medicines and supplies, as and when needed.

 Once the employer's liability for the work injury has been established, the employer may not unilaterally stop making benefit payment in the absence of a final receipt, an agreement, a supersedeas or any other order of the WCJ authorizing such action. *Kuemmerle v. Workers' Compensation Appeal Board (Acme Markets, Inc.)*, 742 A.2d 229 (Pa.Cmwlth.1999). Absent such authority, therefore, the em-

---

**1.** This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

ployer must continue to make payment while challenging the claimant's entitlement to benefits. *Jones v. Workers' Compensation Appeal Board (Pennsylvania Power & Light)*, 735 A.2d 185 (Pa.Cmwlth. 1999), *appeal denied*, 567 Pa. 750, 788 A.2d 381 (2001); *Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth.1998); *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa. Cmwlth. 332, 601 A.2d 491 (1991).

In this matter, the WCJ awarded Claimant disability benefits on December 1, 1997 for the February 29, 1996 work injury and specifically ordered Employer to pay all medical expenses related to that injury. When the provider subsequently sought pre-certification or pre-approval of the scheduled surgery, Employer's insurer indicated that it would not pay for "any treatment" pending its petition for termination, relying on its physician's opinion that Claimant had fully recovered from the work injury and was able to return to work without restrictions. Employer, however, never obtained a supersedeas or any other prior authority to stop paying medical benefits pending its petitions.

The Board concluded, and Employer contends on appeal, however, that Employer's obligation to pay for medical treatment does not commence unless and until it receives medical bills and records from the provider; because the scheduled surgery was never performed, Employer's obligation to pay for such treatment did not arise; and the Act does not mandate Employer to seek a prospective UR determination to dispute the reasonableness or

necessity of the treatment recommended by Claimant's treating physician.

In support, Employer and the Board rely on Section 306(f.1)(2) and (5) of the Act, which provides in relevant part:

(2) Any provider who treats an injured employe shall be required to file a periodic report with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings.... The employer shall not be liable to pay for such treatment until report has been filed.

. . . .

(5) The employer or insurer shall make payment and the providers shall submit bills and records in accordance with the provisions of this section. All payment to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6).[2]

We find Employer's reliance on Section 306(f.1)(2) and (5) of the Act disingenuous. Under its plain language, Section 306(f.1)(2) and (5) is applicable only where the claimant has actually received medical treatment from the providers generating medical bills and records. By refusing to authorize the scheduled surgery and indicating that it would not pay for "any treatment" pending its petition for termination, Employer effectively prevented Claimant from receiving the treatment recommended by his treating physician.[3] Employer may not rely on Section 306(f.1)(2)

---

2. The regulations at 34 Pa.Code § 127.403 provide that "[a]n insurer's obligation to pay medical bills within 30 days of receipt shall be tolled only when a proper request for UR has been filed with the Bureau...."

3. Claimant convincingly states that "no hospital in the Commonwealth of Pennsylvania will allow any operation of a non-life threatening condition without a pre-certification from an insurer." Claimant's Brief, p. 16.

and (5) to argue that it had no obligation to pay for medical treatment because it did not receive medical bills and records from the providers following the treatment, where its own action effectively prevented Claimant from receiving the recommended treatment in the first place.

Moreover, the party disputing the reasonableness or necessity of the treatment must seek a prospective, concurrent or retrospective UR determination in accordance with the exclusive procedures set forth in Section 306(f.1)(6) of the Act. *AT & T v. Workers' Compensation Appeal Board (DiNapoli)*, 728 A.2d 381 (Pa. Cmwlth.1999). Section 306(f.1)(6)(i) provides:

> (6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review ..., disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:
>
> (i) The reasonableness or necessity of all treatment provided by a health care provider ... may be subject to *prospective,* concurrent or retrospective utilization review at the request of an employe, employer or insurer. (Emphasis added.)

Section 306(f.1)(6) and 34 Pa.Code §§ 127.401–127.407 then set forth detailed procedures for challenging the reasonableness or necessity of the medical treatment. In this matter, Employer admittedly never filed a UR determination petition pursuant to Section(f.1)(6) and the applicable provisions of the regulations disputing the reasonableness or necessity of the scheduled surgery.

In determining the propriety of imposition of a penalty, we must examine "the conduct of the employer as it relates to whether a legally recognized event occurred that suspended the employer's pre-existing and ongoing obligation to pay ben-efits." *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182, 187 (Pa.Cmwlth.1998). Employer's conduct of unilaterally ceasing medical benefit payment pending its petitions, without obtaining a supersedeas or any other prior authority to do so, or challenging the reasonableness or necessity of the scheduled surgery in a properly filed UR determination petition, constitutes a clear violation of its ongoing obligation to provide reasonable and necessary surgical and medical services imposed by Section 306(f.1)(1) of the Act and the WCJ's December 1, 1997 decision.

This Court has consistently taken the strong position against the employer's unilateral cessation of medical benefit payment by holding that the employer's unjustified and unilateral cessation or modification of the claimant's benefits without prior authorization triggers the penalty provision of Section 435 of the Act. *Jones; Sheridan; M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa.Cmwlth. 353, 485 A.2d 93 (1984). Since the record amply supports the WCJ's finding of Employer's violation of the Act, the WCJ's decision to assess the penalty against Employer must be upheld.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 25th day of September, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.