**Theresa PALMER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2004.

Decided May 14, 2004.

W. Michael Mulvey, Philadelphia, for petitioner.

Martin G. Malloy, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Theresa Palmer (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) reversing a decision of the Workers' Compensation Judge (WCJ) granting Claimant's Petition for Penalties (Penalty Petition) against the City of Philadelphia (Employer).[1]

While working for Employer as a police officer on August 1, 1993, Claimant sustained a work-related injury to her right wrist. In lieu of workers' compensation benefits, Claimant received injured-on-duty benefits from Employer. By corrected Notice of Compensation Payable issued on March 9, 1994, Claimant received temporary total disability benefits from Employer in the amount of $475 under the Workers' Compensation Act (Act)[2] based on an average weekly wage of $743.03.

On October 9, 1997, Employer terminated Claimant from employment while she was still receiving workers' compensation benefits. After she was terminated, Claimant applied to the Philadelphia Board of Pensions and Retirement (Pension Board) for a service-connected disability pension. On November 19, 1998, the Pension Board approved Claimant's application because it found that she was disabled during her duties as a police officer, and she began receiving payments from the pension at a rate of $2,118.98 per month retroactive to October 9, 1997.[3]

Claimant continued to receive workers' compensation benefits from Employer until January 1, 1999. At that time, Employer stopped paying benefits without notifying Claimant of the termination and without giving her reasons for the termination. On or about March 30, 1999, Claimant filed a Petition to Reinstate Benefits and a Penalty Petition against Employer, alleging that Employer wrongfully and unilaterally terminated benefits as of January 1, 1999.[4] In separate answers, Employer denied all allegations of improper conduct. The matter was then scheduled for hearing on June 22, 2000.

In support of her burden to prove a violation of the Act by Employer for unilaterally terminating benefits,[5] Claimant

---

1. The record indicates that there were a number of petitions filed by Employer regarding Claimant's benefits, and all were assigned to numerous WCJs. It appears that all petitions, except for the Penalty Petition filed by Claimant, were dismissed. For purposes of this appeal, we are concerned only with the Penalty Petition filed by Claimant.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

3. Under the Workers' Compensation Act, Claimant is entitled to $24,700 in benefits yearly (i.e., $475 per week for 52 weeks). Under her pension, Claimant is entitled to $25,475.76, which constitutes seventy percent of her final wage.

4. An employer's unilateral termination or modification of benefits is void and does not affect the claimant's right to compensation or the employer's obligation to pay if done: (1) without prior authorization of the workers' compensation authorities, (2) without prior authorization by the courts, (3) without prior agreement, or (4) without a prior filing of a petition acting as an automatic supersedeas. *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa. Cmwlth.1998). An employer who unilaterally terminates benefits under the conditions set forth above is subject to penalties under the Act. *See* 77 P.S. § 774.1.

5. Section 435(d)(i) authorizes the imposition of penalties for violations of the Act. 77 P.S. § 991(d)(i). The claimant bears the burden of proof in such penalty petitions. *Buchanan v. Workers' Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Cmwlth.335, 648 A.2d 99, *petition for allowance of appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994).

testified that after she began receiving payments from the Pension Board, her workers' compensation benefits ceased without prior notice and without explanation from Employer. Claimant further testified that she was never informed by personnel of Employer that she could not receive workers' compensation and pension benefits simultaneously. In addition, Claimant stated that she never signed any documents giving Employer permission to stop payment of workers' compensation benefits.

Claimant also presented the testimony of James Kidwell, pension program administrator for the Pension Board. Mr. Kidwell testified that Claimant was awarded a pension effective October 9, 1997, after she established that her disability was work-related pursuant to the City Pension Ordinance.[6] He also stated that the Pension Board was notified by Employer that workers' compensation benefits would cease once Claimant received pension payments. Mr. Kidwell explained that under the City Pension Ordinance, compensation was calculated at 70% of Claimant's final wage (which amounted to $2,122.98 per month in Claimant's case) less any monies paid for workers' compensation. In situations where an individual simultaneously received workers' compensation and pension benefits, Mr. Kidwell explained that the Pension Board took a credit off of the initial pension payment for the amount of workers' compensation received by the claimant. Mr. Kidwell stated that the Pension Board had no input into the decision to stop workers' compensation benefits, that the Pension Board

was not required to stop payment of workers' compensation, and that the Pension Board never challenged any such decisions.

To show that it obtained an agreement to terminate workers' compensation benefits, Employer introduced a document apparently executed by the Pension Board and Claimant dated December 26, 1997, entitled "Agreement Re: Workmen's Compensation" (Agreement). In pertinent part, the Agreement stated:

> WHEREAS, under the Retirement System Ordinance ... under which I am entitled to retire or receive survivorship benefits, it is provided that the Board shall deduct from such retirement or survivorship benefits the amount of any Workmen's Compensation benefits which I may receive or to which I may become entitled, and
>
> WHEREAS, no application for such Workmen's Compensation benefits has been filed by me or no award of such benefits has been made to me, or having received an award, the said award has been suspended, and
>
> WHEREAS, I am desirous of receiving the full amount of the retirement or survivorship benefits provided by the Retirement System Ordinance immediately without awaiting determination of any application for and without deduction for Workmen's Compensation benefits.
>
> NOW, THEREFORE, in consideration of the following and intending to

---

The imposition of penalties is discretionary, and a violation of the Act does not, by itself, mandate the imposition of penalties. *Shaffer v. Workers' Compensation Appeal Board (Avon Products, Inc.),* 692 A.2d 1163 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 731, 702 A.2d 1062 (1997).

6. Mr. Kidwell explained in his testimony how Section 206 of the City Pension Ordinance, now renumbered as Section 22–401, operated when a given individual simultaneously received workers' compensation and pension benefits.

be legally bound hereby it is agreed as follows:

1. The Board shall pay to applicant the full amount of retirement or survivorship benefits.

2. In the event any Workmen's Compensation benefits ... should be awarded to applicant then the benefits previously paid to applicant or applied on his behalf under the Retirement System Ordinance aforesaid shall be considered and determined to be payments of Workmen's Compensation as set forth in Secs. 206.3 and 209.5 of said Ordinance. The City of Philadelphia shall be entitled to credits for such payments against any award of such Workmen's Compensation benefits for the period during which such retirement benefits have been paid or applied to the extent of Workmen's Compensation Payments payable to applicant but not in excess of the benefits actually paid under Secs. 206 or 209 of said ordinance.

3. Thereafter, there shall be deducted from such retirement or survivorship benefits payable to me at the amount of Workmen's Compensation benefits paid or payable to me as provided by Sect. 206.3 and 209.5 of the said ordinance.

\* \* \*

5. Applicant shall not be required to make application for or prosecute any application already made for Workmen's Compensation benefits as a condition of receiving the full amount of survivorship benefits payable, nor shall it prevent or affect the right of applicant to make or prosecute such application.

*Witnessed by:* ⸺ Applicant:
/s/ Theresa Palmer
BOARD OF PENSIONS AND RETIREMENT
BY ⸺ (Seal)

(Employer's Exhibit 1). As indicated above, no witness signed the Agreement, and no member of the Board either signed or sealed the Agreement. However, Claimant's signature does appear on the document.

After consideration of the evidence presented at the hearing, the WCJ issued an order granting Claimant's Penalty Petition in the amount of $5,000, reasoning that Employer violated the Act by unilaterally terminating benefits without a supplemental agreement or order of a WCJ. Although noting that Employer was entitled to some type of setoff or credit under the City Pension Ordinance for paying workers' compensation to Claimant while she also received pension benefits, the WCJ stated that Employer could not oblige itself of that setoff at its own will or whim.

Employer then appealed to the Board, raising the following objection to the decision of the WCJ:

I hereby appeal from the decision of [the WCJ] and specify the following errors of law committed by the said Judge, and the reasons why the decision does not conform to the provisions of the Workers' Compensation Act.

\* \* \*

24. [The WCJ] erred in awarding a $5,000.00 penalty where Claimant suffered no economical harm as a result of Employer's actions. [The WCJ] made no economic award. Imposition of penalties is based upon a percentage of an award. Where there is no award, there can be no penalties.

(Reproduced Record at 32a).

On appeal, the Board stated that the Agreement executed by Claimant and the Pension Board was a valid agreement and was sufficient to entitle Employer to suspend workers' compensation benefits. As a result, the Board held that Claimant

failed to meet her burden of proving that Employer violated the Act by unilaterally terminating benefits without a prior agreement and, accordingly, entered an order reversing the WCJ.[7] This appeal followed.[8]

■ Claimant argues that the Board erred by addressing the issue of whether Employer violated the Act because Employer's notice of appeal to the Board does not challenge that it violated the Act when it failed to employ the appropriate procedures to terminate benefits, only that a penalty is not appropriate because Claimant suffered no economic harm. As a result, Claimant argues that the issue of whether Employer violated the act was waived,[9] and the Board erred by *sua sponte* raising that issue.

We agree with Claimant that Employer waived the issue of whether it violated the Act because, as even a cursory reading of its notice of appeal to the Board suggests, it does not contest that Employer violated the Act by unilaterally terminating benefits and only disputes the ability of the WCJ to impose a penalty when Claimant suffered no economic harm. Because Employer waived the issue of whether it violated the Act, the Board erred by raising it *sua sponte*.

■ What has been properly preserved for our review is whether a penalty[10] can be imposed under Section 435 of the Act where there has been no award of compensation in a final order. Claimant argues that because she established the fact of Employer's violation of the Act, the penalty was appropriate. Employer argues, as it did before the Board, that penalties cannot be imposed unless an award of compensation has also been issued, i.e., there can only be a penalty when a claimant suffers economic harm by the improper actions of the employer.

Section 435 of the Act provides that penalties can be imposed on an employer when it fails to follow the procedures set forth in the Act, stating as follows:

(a) The department shall establish and promulgate rules and regulations[11] consistent with this act, which are reasonably calculated to:

(i) expedite the reporting and processing of injury cases,

(ii) insure full payment of compensation when due,

(iii) expedite the hearing and determination of claims for compensation and petitions filed with the department under this act,

(iv) provide the disabled employe or his dependents with timely notice and

---

7. Claimant filed a cross-appeal, alleging that the WCJ erred by failing to award counsel's fees. Because Claimant did not prevail, the Board did not address her assertion that she was entitled to counsel fees.

8. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa. Cmwlth.2003).

9. It is well settled that issues not raised before the Board are waived. *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084 (Pa.Cmwlth. 1999).

10. We note that the parties have not challenged the amount of the penalty imposed on Employer.

11. The relevant regulations state that termination of benefits can only be accomplished by (1) final receipt, (2) by agreement, (3) by termination petition, or (4) by decision from a WCJ, the Board, or the courts. 34 Pa.Code § 121.17.

information of his or their rights under this act,

(v) explain and enforce the provisions of this act.

(b) If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

\* \* \*

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991.

In *Jaskiewicz v. Workers' Compensation Appeal Board (James D. Morrisey, Inc.),* 651 A.2d 623 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995), we stated that an award of penalties equal to a percentage "of the amount awarded" meant that penalties could be awarded only when a claimant was awarded benefits:

The referee concluded that the Act, as written, only allows penalties if the Claimant is awarded any compensation. We agree that the words "of the amount awarded" indicate the legislature's intention to award penalties only when a claimant is awarded benefits. The penalty is based upon the amount awarded which was zero here. Thus, any other interpretation of this section of the Act would lead to arbitrary results, as referees would be left to award penalties based upon unknown numbers.

*Id.* at 626.

While we will not award penalties "based upon unknown numbers," we have imposed penalties on the amount of the underlying compensation already paid even though the claimant received no award of compensation in a final order. *McLaughlin v. Workers' Compensation Appeal Board (St. Francis Country House),* 808 A.2d 285 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 573 Pa. 717, 828 A.2d 351 (2003) (penalty of 20 percent of wage loss benefits already paid by employer was appropriate where employer failed to authorize claimant's surgery pending decision on penalty petition in violation of the Act). In addition, we reiterated that "amount awarded" does not depend on an award, but the failure to pay compensation in accordance with the Act:

Claimant also challenges the board's refusal to assess a 10% penalty on the compensation due under Sections 413(b) and 435(d)(i) of the Act. Section 435(d)(i) authorizes a court, the Department of Labor and Industry and the board to penalize employers and insurers in "a sum not exceeding ten per centum of the amount awarded and interest accrued and payable" for violations of the Act and regulations. The board denied penalties because no "amount awarded" existed against which penalties could be

assessed since the employer prevailed on the merits.

We disagree with the board's unduly restrictive interpretation of the language "amount awarded." The employer's unjustified, unilateral withholding of benefits in violation of Section 413(b) triggers the penalty provision at Section 435(d)(i). As authorized by Section 435(d)(i) we impose a 10% penalty on the compensation (plus interest accrued) due from June 20, 1979 through February 21, 1980, the eight month period during which the employer wrongfully suspended benefits. *See Holy Spirit Hospital* (penalty imposed on compensation which was unilaterally suspended based on substantially defective physician's affidavit).

*M.A. Bruder & Sons, Inc. v. Workmen's Compensation Appeal Board (Harvey),* 86 Pa.Cmwlth.353, 485 A.2d 93, 95 (1984). Finally, we have held that the imposition of penalties under the Act is an issue independent from the merits of the claim. *See, e.g., Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill),* 166 Pa.Cmwlth. 154, 646 A.2d 58 (1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995).

Applying those principles to this case, Employer's argument misses the mark because the Act does not require that a claimant suffer economic harm before penalties are imposed; instead, the Act permits the imposition of penalties to give the Board the power to assure compliance with the Act. Moreover, as in *McLaughlin,* a penalty would be appropriate in this case for Employer's violation of the Act even if Claimant did not receive an award of compensation in the WCJ's order in the Penalty Petition because compensation was awarded, even though that amount could be offset by pension benefits. The Agreement that Claimant entered into with the Pension Board states that any pension benefits paid to an individual will be offset by the amount of workers' compensation received by that individual, not that workers' compensation benefits will be terminated. In effect, what the WCJ's order did was restore workers' compensation benefits, even though they could be offset by Claimant's pension benefits.

Because an award of penalties was appropriate in this case,[12] the order of the Board is reversed, and the order of the WCJ is reinstated.

### *ORDER*

AND NOW, this *14th* day of *May,* 2004, the order of the Workers' Compensation Appeal Board dated October 29, 2003 at No. A02–1820 is reversed, and the order of the WCJ is reinstated.

---

**12.** The Board itself has so held in other decisions involving the same City Pension Ordinance and Agreement. *See e.g., Thomas Hunter v. City of Philadelphia,* Docket No. A00–1139 (W.C.A.B. August 14, 2002).