# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hospital of the University of : \
Pennsylvania, : \
               Petitioner : \
                : \
         v. : No. 430 C.D. 2017 \
                : Submitted: August 18, 2017 \
Workers' Compensation Appeal : \
Board (Maratea), : \
               Respondent :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge \
                   HONORABLE ANNE E. COVEY, Judge \
                   HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY \
SENIOR JUDGE PELLEGRINI             FILED: September 13, 2017

The Hospital of the University of Pennsylvania (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision granting Antonio Maratea's (Claimant) penalty petition for a 50 percent penalty on all unpaid compensation owed after October 28, 2015. For the following reasons, we affirm.

## I.

## A.

Claimant worked as a senior accountant for Employer for over a decade. In February 2010, Employer issued him a "medical only" Notice of

Temporary Compensation Payable (NTCP) under the Workers' Compensation Act (Act)[1] for a "right wrist/right shoulder strain/strain" caused from "repetitive motion typing on computer." (Reproduced Record (R.R.) at 1a.) The NTCP indicated that medical payments to Claimant began as of February 25, 2010, and would end after a 90-day period on May 25, 2010.

On July 9, 2010, in accordance with the Act, the NTCP was automatically converted to a "medical only" Notice of Compensation Payable (NCP).[2] Notwithstanding, on December 6, 2010, Employer unilaterally issued a "corrected" NCP changing the description of Claimant's injury to a "right wrist strain/tendonitis" increasing Claimant's weekly compensation rate and average weekly wage and eliminating any mention of a shoulder injury. On March 23, 2011, Claimant stopped working due to his injuries. A supplemental agreement for compensation for disability or permanent injury was later issued, restating Claimant's injury as only "right wrist strain/tendonitis" and establishing that his disability recurred on March 23, 2011, and weekly wage benefits began.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

[2] Pursuant to Section 406.1(d)(6) of the Act, "If the employer does not file a notice [controverting a claimant's claim] within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable." Section 406.1(d)(6) of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 717.1(d)(6).

**B.**

In October 2012, Employer filed a termination petition alleging that Claimant had fully recovered from his work-related injuries as of September 5, 2012. On November 20, 2014, the WCJ issued a decision and order granting Employer's termination petition, concluding that Employer met its burden of proving that Claimant was fully recovered from his injury, which she determined to only consist of a "right wrist sprain/tendonitis" in accordance with the "corrected" NCP.

Claimant appealed to the Board, arguing that the WCJ erred in granting Employer's termination petition largely because she erroneously found the "corrected" NCP – as opposed to the original NTCP – to be the operative document. On October 28, 2015, because Employer did not meet its burden of proving that Claimant was fully recovered from all aspects of his recognized injury as established by the original NTCP, the Board reversed the WCJ's grant of Employer's termination petition. It also found that the WCJ erred when determining the operative document was the "corrected" NCP and that Claimant's recognized injury only included right wrist sprain/tendonitis. Employer appealed.

**C.**

Because the Board's reversal of the WCJ's determination effectively reinstated wage loss benefits for Claimant's right wrist injury, after it appealed, Employer filed a supersedeas request with the Board which was denied on December 29, 2015. Employer's supersedeas request to this court was also denied.

Notwithstanding that the request for a supersedeas was denied, Employer did not make any weekly wage payments to Claimant as required by the Board's order. Claimant then filed penalty petitions[3] alleging that Employer violated the Act by failing to pay benefits attributable to his wrist injury as ordered by the Board.

**D.**

On May 13, 2016, this Court "affirm[ed] the Board's decision to the extent it reversed the WCJ's decision terminating benefits for the accepted shoulder injury in the original NCP, but reverse[d] the Board's reversal of the WCJ's decision to terminate benefits for injuries Claimant sustained to his wrist." *Hospital of University of Pennsylvania v. Workers' Compensation Appeal Board (Maratea)*, (Pa. Cmwlth., No. 2291 C.D. 2015, filed May 13, 2016.)

Following our decision, the WCJ granted Claimant's penalty petition and imposed a "penalty of 50% on wage loss benefits owed to Claimant after the October 28, 2015 denial of supersedeas by the Board. Employer shall also pay statutory interest of 10% on the aforementioned unpaid wage loss benefits." (Employer's Brief, Appendix 15.) Employer appealed and the Board affirmed. Employer then filed this petition for review.[4]

---

[3] Claimant filed his first penalty petition on January 27, 2016. Following several months of non-payment, on April 12, 2016, Claimant filed a second penalty petition.

[4] In a workers' compensation proceeding, this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed or a violation of appeal board procedures, and whether necessary findings **(Footnote continued on next page…)**

## II.

On appeal, Employer contends that because it is "undisputed" that a medical-only NTCP was issued for Claimant's right shoulder injury, and because all benefits for his right wrist injury were eventually deemed terminated by this Court, the WCJ erred when imposing a penalty on all unpaid wage loss benefits relating to Claimant's right wrist injury that accrued during the pending appeal because those payments never should have been owed to Claimant in the first place.

Section 435 of the Act, 77 P.S. § 991(d),[5] authorizes a WCJ to impose penalties for violations of the Act. The assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. *Essroc Materials v. Workers' Compensation Appeal Board (Braho)*, 741 A.2d 820 (Pa. Cmwlth. 1999).

Section 413(b) of the Act, 77 P.S. § 774(2),[6] imposes on an employer the responsibility to request a supersedeas during the appeal process or to make

---

**(continued…)**

of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 799 (Pa. Cmwlth. 1995).

[5] Added by the Act of February 8, 1972, P.L. 25, *as amended*.

[6] Section 413(b) of the Act, 77 P.S. § 774(2), specifically provides:

> In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a

**(Footnote continued on next page…)**

5

compensation payments, and the mere filing of a supersedeas request does not stay an employer's obligation to pay. Moreover, Section 430(b) of the Act provides that "Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434." 77 P.S. § 971(b). Pursuant to Section 435(d)(i) of the Act, "Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable; Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable." 77 P.S. § 991(d)(i).

Interpreting the above statutory provisions, we have explained that:

> "Once the employer's liability for the work injury has been established, the employer may not unilaterally stop making benefit payment[s] in the absence of a final

---

**(continued…)**

> supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case. A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The workers' compensation judge hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition.

receipt, an agreement, a supersedeas or any other order . . . authorizing such action." *McLaughlin v. Workers' Compensation Appeal Board (St. Francis Country House)*, 808 A.2d 285, 288 (Pa. Cmwlth. 2002). Until such authority is granted, "employer must continue to make payment while challenging the claimant's entitlement to benefits." *Id.* at 288-89. Moreover, the fact that the employer ultimately prevails on the merits of its petition does not alter its obligation to pay indemnity benefits during the pendency of the litigation or excuse its non-payment of benefits during the litigation period. *Graves v. Workmen's Compensation Appeal Board (LaFrance Corporation)*, 680 A.2d 49, 51 (Pa. Cmwlth. 1996).

*North Pittsburgh Drywall Company, Inc. v. Workers' Compensation Appeal Board (Owen)*, 59 A.3d 30, 43 (Pa. Cmwlth. 2013).

The record in this matter makes clear that for more than four months, Employer unilaterally chose to stop making payments to Claimant while the Board's October 28, 2015 order was still in effect. That decision to cease making payments was contrary to the Board's order and the denial of Employer's supersedeas request. Given the length and unreasonableness of Employer's delay, the WCJ clearly did not abuse his discretion when imposing a 50 percent penalty for weekly wage benefits for Claimant's wrist injury accrued since the Board's October 28, 2015 order. *See Indiana Floral Co. v. Workers' Compensation Appeal Board (Brown)*, 793 A.2d 984 (Pa. Cmwlth. 2002) (holding a 50 percent penalty was appropriate when the employer failed to make payments until four months after supersedeas was denied).

Accordingly, for the foregoing reasons, the order of the Board is affirmed.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hospital of the University of : 
Pennsylvania, : 
                  Petitioner : 
                  : 
        v. : No. 430 C.D. 2017
                  : 
Workers' Compensation Appeal : 
Board (Maratea), : 
                  Respondent : 

# **O R D E R**

AND NOW, this 13th day of <u>September</u>, 2017, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated March 17, 2017, is affirmed.

 

                           _____
                           DAN PELLEGRINI, Senior Judge