IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Essix Holdings, LLC,                    :
                          Petitioner    :
                                        :
        v.                              :  No.  683 C.D. 2021
                                        :  Submitted:  January 21, 2022
Michael Dengel                          :
(Workers' Compensation                  :
Appeal Board),                          :
                          Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED: March 25, 2022

        Essix Holdings, LLC (Employer), petitions for review of an order of the
Workers' Compensation Appeal Board (Board), which affirmed the decision of the
Workers' Compensation Judge (WCJ) granting Michael Dengel's (Claimant)
Petition for Penalties (Penalty Petition).  Employer contends that the WCJ and the
Board erred, as Employer was permitted under the Pennsylvania Workers'
Compensation Act (Act)[1] to withhold payment to Claimant due to Claimant's failure
to complete a required wage and benefit reporting form (LIBC-760).  For the
following reasons, we affirm.

_____
[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4; 2501-2710.

# I.    Background

On January 30, 2018, Claimant filed a Claim Petition for workers' compensation benefits against Employer, alleging that he sustained a work-related injury on June 6, 2017, while lifting heavy drums. Reproduced Record (R.R.) at 5. Specifically, Claimant set forth that his injuries included a cervical disc herniation at "C6-7 status post anterior cervical disc fusion C5-6 and C6-7," a partial thickness tear of the right supraspinatus muscle with adhesive capsulitis, severe aggravation of degenerative disc disease in the cervical spine, and right-sided cervical radiculopathy. *Id.* Claimant sought total disability benefits as of January 29, 2018, and ongoing, along with medical benefits. *Id.*

On October 18, 2018, WCJ Stephen Harlan entered an order adopting the Stipulation to Resolve Claim & Penalty Provisions (Stipulation) agreed to by Claimant and Employer. WCJ's Order, October 18, 2018, at 4. Pursuant to the Stipulation, Employer agreed to pay Claimant temporary total disability benefits (TTDB) from January 1, 2018, to present, to pay for reasonable and necessary medical treatment related to the work injuries, and to pay 20% of all past due and future wage loss benefits to Claimant's counsel. R.R. at 5-6.

On January 24, 2019, Employer's counsel contacted Claimant's counsel's office via email and indicated that payments to Claimant were never paid by its insurer, NorGuard Insurance Company (Insurer), because the LIBC-760 that was sent to Claimant had not been completed and returned. R.R. at 23. The next day, Claimant's completed LIBC-760 form was returned to Employer's counsel. *Id.* at 22. On January 24, 2019, the same day that Employer's counsel sent the email notice of Insurer's nonpayment, Claimant filed the Penalty Petition. *Id.* at 7.

2

At the Penalty petition hearings held in this matter, Employer's evidence included the Affidavit of John Kreuzer, Insurer's claims adjuster (Adjuster) assigned to Claimant's case, the emails between Employer's counsel and Claimant's counsel's office regarding the claim (emails), and the completed LIBC-760 form. *Id.* at 4.

According to Adjuster, he received the WCJ's order directing payment of benefits in late October. R.R. at 20-21. However, prior to making payment, Adjuster wanted to ascertain whether Claimant had any wages, earnings, or other benefits after he had ceased working for Employer. R.R. at 20-21. Adjuster sent Claimant the LIBC-760 and received the form back from Claimant's counsel on January 25, 2019. *Id.* While the form had the incorrect date, Adjuster accepted the form after being advised of the correct date by Claimant's counsel's Office. *Id.* Insurer paid Claimant on March 6, 2019. *Id.*

The WCJ concluded that while payments to Claimant were ordered by the WCJ on October 18, 2018, they were not paid until March 6, 2019. Certified Record (C.R.), Item No. 5, WCJ Decision, at 4. The WCJ rejected Employer's argument that it was permitted to withhold payment due to Claimant's failure to complete the LIBC-760 and reasoned that Claimant was not required to complete the LIBC-760 because he was seeking benefits rather than already receiving benefits. *Id.* at 4. Employer appealed to the Board.

The Board affirmed the order of the WCJ on alternate grounds. *See* C.R., Item No. 10, Bd. Op., 6/2/21. The Board reasoned that even if Employer was correct that it had the right to suspend payments to Claimant until the LIBC-760 was returned, that in order to comply with the Act and lawfully suspend or withhold benefits, Employer was required to comply with the corresponding regulation at 34 Pa. Code

3

§ 123.502 and send Form LIBC-762 Notice of Suspension for Failure to Return Form LIBC-760. *Id*. at 6-8.

Employer now petitions this Court for review. Employer argues that the Board erred in affirming the WCJ's Penalty Petition order because failure to complete the LIBC-760 is proper grounds for an employer to withhold payment of benefits ordered by a WCJ, even without providing notice to the claimant. We disagree.

## II. Discussion

Our standard of review of a Board order limits us to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law or a violation of Board procedure has occurred, or whether constitutional rights were violated. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Petrisek)*, 640 A.2d 1266, 1268 (Pa. 1994). With respect to the interpretation of the Act, which is a question of law, our standard of review is *de novo* and our scope of review is plenary. *Pitt Ohio Express v. Workers' Comp. Appeal Bd. (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

Section 435 of the Act, 77 P.S. § 991, added by the Act of February 8, 1972, P.L. 25, establishes a penalty provision for, among other things, an employer's failure to make prompt payment of compensation. *Graphic Packaging, Inc. v. Workers' Comp. Appeal Bd. (Zink)*, 929 A.2d 695, 699 (Pa. Cmwlth. 2007) (citing *Keystone Trucking Corp. v. Workmen's Comp. Appeal Bd.*, 397 A.2d 1256 (Pa. Cmwlth. 1979)). Under Section 435, a WCJ is authorized to impose penalties for violations of the provisions of the Act or its associated regulations. 77 P.S. § 991(d). The WCJ has sound discretion regarding the imposition of a penalty and the amount of penalty. *See Mclaughlin v. Workers' Comp. Appeal Bd. (St. Francis Country*

4

*House)*, 808 A.2d 285, 288 (Pa. Cmwlth. 2002). We will not overturn such decisions absent an abuse of discretion. *Id*.

It is well settled under the law that an order to pay workers' compensation benefits takes immediate effect. *Nat'l Fiberstock Corp. (Greater N.Y. Mut. Ins. Co.) v. Workers' Comp. Appeal Bd. (Grahl)*, 955 A.2d 1057, 1064 (Pa. Cmwlth. 2008); *see also City of Philadelphia v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 161 (Pa. Cmwlth. 2007). Therefore, where an employer is ordered to pay workers' compensation benefits, but refuses to do so, the employer is properly subject to Section 435's penalty provision. 77 P.S. § 991; *See Robb, Leonard, & Mulvihill v. Workers' Comp. Appeal Bd. (Hooper)*, 746 A.2d 1175, 1182–83 (Pa. Cmwlth. 2000) (citing *Gillis v. Workers' Comp. Appeal Bd. (Willits Roofing, Inc.)*, 725 A.2d 257 (Pa. Cmwlth. 1999); *Sheridan v. Workers' Comp. Appeal Bd. (Anzon, Inc.)*, 713 A.2d 182 (Pa. Cmwlth. 1998)). Not only is an employer subject to penalty for refusal to pay, but that employer is immediately subject to such penalty. *Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 891 A.2d 1267 (Pa. 2006) (clarifying that there is no grace period that exists before an employer is subject to penalty for a refusal to make an awarded payment). An employer or insurer that refuses to make payment is subject to penalty even where a refusal to pay "persist[s] for a single day." *Id*. at 1277.

Here, there is no dispute that the WCJ's order of October 18, 2018, directed Employer to make payment to Claimant and that Employer did not make payment until March 6, 2019. Employer asserts that it should not be subject to a penalty because payment was withheld lawfully. However, an employer or insurer that is obligated to pay benefits may only refuse to make such payments if specifically authorized under the Act or by order of the WCJ. *See Kuemmerle v. Workers' Comp.*

5

*Appeal Bd. (Acme Mkts., Inc.)*, 742 A.2d 229 (Pa. Cmwlth. 1999). Employer specifically relies on Section 311.1(a) of the Act to support its position. *See* 77 P.S. § 631.1(a), added by the Act of June 24, 1996, P.L. 350.

Upon request from an insurer, Section 311.1(a) requires an employee who is seeking compensation under the Act to provide written answers about recent employment. *Id.* Such information includes reporting any other employment, wages, employer information, dates of employment, nature and scope of employment, and other information which may be relevant to the determination of compensation benefits. *Id.* The Act specifically directs that the insurer is permitted to submit a verification form to the claimant and that the claimant is required to cooperate with any investigation and to complete and submit the verification form. *Id.* § 631.1(d). Failure of a claimant to return the completed verification within 30 days permits the insurer to suspend compensation until the completed verification form is returned. *Id.* § 631.1(g).

While Section 311.1 does, as Employer contends, permit an insurer to suspend compensation where the claimant fails to return the completed LIBC-760 form within 30 days, it does not permit an employer to withhold initial payment for 30 days before it commences ordered payments. It is not until the claimant fails to return the completed verification form after the 30th day that the employer has the right to suspend payment under Section 311.1(g). The Act does not provide that an employer is permitted to withhold initial payment for the 30-day period while ascertaining whether the employee will return the form. As our Supreme Court clearly noted in *Snizaski*, there is no 30-day grace period that exists before an employer is subject to penalty for refusal to make an ordered payment. *See Snizaski*, 891 A.2d at 1277.

6

Here, Adjuster indicates that it was after the WCJ's October 2018 decision that Insurer proceeded to determine the verification information in the LIBC-760. R.R. at 20. In the days between the date of the order and the end of the 30-day period for Claimant to complete and return the form, Employer was required under the Act to make payment as ordered by the WCJ. Employer's failure to make payment was a violation of the Act. Because Employer violated the Act, the WCJ's penalty finding was appropriate.

Moreover, as the Board appropriately noted, Employer failed to comply with Section 311.1's corresponding regulation at 34 Pa. Code § 123.502 before it suspended, or rather, withheld Claimant's payment. Section 123.502 outlines the following:

> (a) Insurers may submit Form LIBC-760, "Employee Verification of Employment, Self-employment or Change in Physical Condition," to the employe and employe's counsel, if known, to verify, no more than once every 6 months, that the status of the employe's entitlement to receive compensation has not changed.
>
> . . . .
>
> (c) The employe shall complete and return form LIBC-760 to the insurer within 30 days of receipt of the form.
>
> (d) If the employe fails to comply with subsection (c), the insurer may suspend payments of wage-loss benefits until Form LIBC-760 is returned by the employe.

34 Pa. Code § 123.502(a), (b), (d). Section 123.502 of the Regulations mimics the requirements of Section 311.1, that a claimant is required to complete the LIBC-760 form and that failure to do so within 30 days permits an insurer to suspend payment

7

of benefits until the form is returned. However, the following paragraphs outline the procedure required to suspend payment on this basis:

> (e) To suspend payments of compensation due to the employe's failure to comply with subsection (c), the insurer **shall** provide written notice to the employee, the employee's counsel, if known, and the Department [of Labor and Industry], on Form LIBC-762, "Notice of Suspension for Failure to Return Form LIBC-760 (Employee Verification of Employment, Self-employment or Change in Physical Condition)" of the following:
>
> (1) The workers' compensation benefits have been suspended because of the employee's failure to return the verification form within the 30-day statutorily prescribed time period.
>
> (2) The workers' compensation benefits shall be reinstated by the insurer, effective upon receipt of the completed verification form.
>
> (3) The employee has the right to challenge the suspension of benefits by filing a petition for reinstatement with the Department.

34 Pa. Code § 123.502(e)(1)-(3) (emphasis added).

Employer argues that the notice requirement outlined in Section 123.502 does not apply to Employer in this situation. Specifically, Employer asserts that the notice requirement does not apply as "[b]enefits could not be *suspended* because they were not being received at the time the form was issued." Petitioner's Br. at 12 (emphasis added). Yet, Employer also argues that Section 311.1, which permits *suspension* of payment for failure to complete the LIBC-760, applies to Employer because "insurer is permitted to *suspend (in this case meaning withhold)* compensation[.]" Petitioner's Br. at 8 (emphasis added). We reject this argument. Where an employer seeks to suspend benefits under Section 311.1, it is required to comply with the corresponding regulation at Section 123.502 demanding that employer provide notice of such suspension. This requirement is consistent with this Court's position

8

against an employer's unilateral suspension of benefits absent a permitting order or authorization under the Act. *See Sheridan*, 713 A.2d at 187.

On October 18, 2018, the WCJ's order that requires Employer make payment to Claimant took immediate effect. Employer's decision to withhold payment after that was a violation of the Act. It was not until Claimant failed to return the LIBC-760 after 30 days that Employer was permitted to suspend payments under the Act. However, in order to properly suspend payment for Claimant's failure to return the LIBC-760, Employer was required to comply with Section 311.1(a)'s corresponding regulation at Section 123.502 and provide notice of that suspension. Employer failed to comply with the regulation and provide required notice. The record supports the Board's decision.

Finally, Employer argues that the 50% penalty imposed by the WCJ was excessive. Petitioner's Br. at 15. Where the WCJ has found a violation of the Act and imposed a penalty, we will not overturn the penalty finding or the amount absent an abuse of discretion. *Futura Agency, Inc. v. Workers' Comp. Appeal Bd. (Marquez)*, 878 A.2d 167, 172-73 (Pa. Cmwlth. 2005) (citing *Lakomy v. Workers' Comp. Appeal Bd. (Dep't of Env't Res.))*, 720 A.2d 492 (Pa. Cmwlth. 1998)). The Act gives the WCJ the power to impose a penalty of up to 50% where a delay in payment is deemed unreasonable or excessive. 77 P.S. § 991(d)(i). Where an employer fails to timely comply with an order to pay benefits, it runs the risk of a 50% penalty. *Nat'l Fiberstock Corp.*, 955 A.2d at 1065. The WCJ found that Employer failed to pay ordered benefits for five months, that such a delay was excessive, and that the reasons asserted by Employer were invalid. C.R., Item No. 5, WCJ Decision, at 5. The WCJ's decision is supported by the record. Therefore,

the Board did not err in affirming the WCJ's decision to impose a 50% penalty for Employer's violation of the Act.

For the foregoing reasons, we affirm the order of the Board.


_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Essix Holdings, LLC,                          :
                          Petitioner          :
                                              :
          v.                                  :     No.  683 C.D. 2021
                                              :
Michael Dengel                                :
(Workers' Compensation                        :
Appeal Board),                                :
                          Respondent          :

# **O R D E R**

     **AND NOW**, this 25th day of March 2022, the decision of the Workers' Compensation Appeal Board, dated June 2, 2021, in the above-captioned matter is AFFIRMED.

_____
STACY WALLACE, Judge