Theresa BRENNER, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (DREXEL INDUSTRIES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2004.

Decided July 16, 2004.

Reargument Denied Sept. 9, 2004.

Patrick M. Donan, Philadelphia, for petitioner.

Jeffrey M. Seyfried, Allentown, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Theresa Brenner petitions for review of the order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) order directing Drexel Industries (Employer) to reimburse Brenner for the cost of her prescription medications, assessing a 50% penalty on the unpaid prescription medications and awarding costs and counsel fees against Employer. Brenner contends that the Board erred in reversing the WCJ's order as his decision was based on Employer's unilateral cessation of payment for Brenner's prescription medications related to treatment of her work injury.

On March 14, 1995, Brenner injured her lower back while working for Employer, and she received wage loss benefits which were later commuted by the Board in 1998. After the commutation, Brenner received treatment for her work injury from Dr. Lewis M. Fredane, who during 2001 prescribed Oxycontin, Xanax, Ambien and Relafen to treat Brenner's condition. Prior to April 2002 Brenner used a prescription card provided by the PMA Group (PMA), Employer's workers' compensation insurer, to purchase these medications. This procedure, which PMA established, eliminated the need for Brenner to pay the costs for her prescription medications and thereafter to present a bill and medical report to PMA for reimbursement. Since April 2002, when Reddon Pharmacy refused to accept the prescription card because it had been cancelled, Brenner has been required to pay for her Ambien and Relafen prescriptions without reimbursement and has had to forego the Oxycontin, which she could not afford.

On April 26, 2002, Brenner filed a penalty petition indicating that Employer unilaterally stopped paying for the prescription medications although Brenner had obtained the medicines for an extended period of time through the prescription card procedure that PMA established. Employer filed an answer denying that it unilaterally ceased payments and asserting that it continues to pay for work-injury-related prescription medications when appropriate documentation is provided. Employer did not seek utilization review prior to its cancellation of the prescription card and suspension of payment for the prescription medications.

At the hearing before the WCJ, Brenner testified regarding the cancellation of her PMA-provided prescription card, her lack of prior warning that the card would be canceled, her inability to procure prescription medications for her work injury without paying for them herself and her inability to have the Oxycontin prescription filled. Brenner explained that, unlike the latest instance, previous difficulties with her use of the prescription card were resolved by her attorney contacting PMA. Because she could not afford to fill the Oxycontin prescription she suffered withdrawal symptoms, requiring treatment from her family physician. Brenner submitted prescription receipts to Employer showing her out-of-pocket expenses after the prescription card was cancelled, and she acknowledged receiving no denials from PMA between April and August 2002.

The WCJ noted that ordinarily under Section 306(f.1)(5) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5), an insurer's obligation to pay a medical bill does not arise until the insurer is in possession of appropriate bills and related reports. Circumstances exist,

however, under which this obligation may arise prior to the insurer's receipt of such documents. The WCJ noted the Court's holding in *McLaughlin v. Workers' Compensation Appeal Board (St. Francis Country House)*, 808 A.2d 285 (Pa.Cmwlth. 2002), *appeal denied*, 573 Pa. 717, 828 A.2d 351 (2003), that an employer may not avoid its obligation to pay medical bills based on sections of the Act which require the presentation of medical bills or reports prior to payment when the employer has acted to prevent the very treatment that would generate the bills or reports.

The WCJ found that Brenner's counsel submitted medical reports to Employer in May and August 2002 relating the prescription medications to Brenner's work-injury, but Employer nevertheless refused payment. The WCJ granted Brenner's penalty petition after concluding that Employer violated the Act when it unilaterally stopped paying for Brenner's prescription medications despite her compliance with the very procedure that PMA had created and continued to refuse payment even after Brenner provided Employer with a bill and medical report relating the prescriptions to the work injury. Thus cancellation of the prescription card prevented Brenner from obtaining prescription medications through the process that PMA had designed, and it could not then complain that Brenner failed to meet the prerequisites for payment. The WCJ ordered Employer to pay for Brenner's prescription medications (Oxycontin, Xanax, Ambien and Relafen) from April 2002 until such time as Employer resumed payment for the medications. Employer was assessed a 50% penalty on the unpaid prescriptions and was directed to pay Brenner's counsel fees and to reimburse her costs.

Upon appeal, the Board reversed the WCJ after it determined that Employer was under no obligation to issue the pre-scription card and that, while its actions were questionable, Employer's cancellation of the prescription card did not amount to a violation of the Act. Further, Employer was only required to pay for Brenner's medical expenses, and it may not be held liable when Brenner failed to submit her medical expenses for payment. Moreover, the Board viewed the WCJ's reliance upon *McLaughlin* as misplaced because it involved a defendant's failure to pre-authorize surgery pending a termination petition whereas here PMA merely required Brenner to submit her medical expenses prior to reimbursement and had not denied payment for anything. The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a Board practice or procedure was not followed and whether the findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 573 Pa. 386, 825 A.2d 1236 (2003).

▮ Brenner asserts that PMA issued the prescription card as a means for controlling the cost and distribution of Brenner's medication and that it remained liable for payment when required. Because of its failure to pay for prescription medications as of April 2002, Employer is subject to penalties pursuant to *Listino v. Workmen's Compensation Appeal Board (INA Life Ins. Co.)*, 659 A.2d 45 (Pa. Cmwlth.1995). Citing *McLaughlin* Brenner argues that PMA was not permitted to cancel the prescription card procedure without providing a reason and to refuse continued payment for the medications, thereby obstructing the generation of bills and reports that PMA now claims were not provided to it. In addition, even when Brenner did provide receipts, PMA still refused reimbursement.

Employer contends that Brenner's failure to submit the appropriate requests rather than Employer's failure to reimburse her in a timely fashion caused delay in the reimbursement process. Noting that Brenner made no reimbursement requests between April and August of 2002, Employer maintains that PMA's obligation to reimburse Brenner did not arise until she submitted bills for the prescription medications. Employer further argues that the WCJ's finding that PMA refused to pay for Brenner's prescription medications even after she submitted prescription bills is not supported in the record, given that once Brenner submitted the bills for reimbursement Employer then sought utilization review.

Board regulations authorize an insurer to contract with pharmacies for them to bill drug prescription costs directly to the insurer. 34 Pa.Code § 127.132. Pursuant to Section 306(f.1)(5) of the Act, an insurer must reimburse medical bills within thirty days of receipt of bills for medical expenses. However, Brenner is correct in arguing that PMA was required to continue payment of her prescription medications according to the prescription card system that it established when Brenner was not required by that procedure to submit bills or reports prior to payment and was not given prior warning that she could no longer use the prescription card to obtain her medicines. In addition, Employer was precluded from unilaterally ceasing payment absent utilization review or other authorization. Brenner was permitted to obtain her prescription medications for an extended period of time through the prescription card process that PMA established, and it was only after the prescription card was cancelled that Brenner could no longer obtain the required medications to treat her work injury.

 Under this Court's reasoning in *McLaughlin*, Employer committed acts that prevented Brenner from receiving her prescribed medications, and it may not unilaterally cease payment for the prescription medications and avoid its obligations to pay for the expense without providing prior notice to Brenner of the cancellation of the prescription card and without obtaining relief through available statutory channels to challenge the reasonableness or necessity of the prescribed medications. In *McLaughlin* the Court reiterated that a WCJ may assess penalties against an employer for violating the Act or applicable regulations. *See* Section 435 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991. The decision to assess penalties is left to the sound discretion of the WCJ, and a WCJ's penalty order should not be reversed on appeal absent an abuse of that discretion.

Because the WCJ here carefully reviewed the evidence and made findings of fact that are supported by substantial evidence in the record, the Court is constrained to disagree with the Board and to reinstate the WCJ's order as there was no abuse of his discretion. Employer violated the Act when it unilaterally ceased payment for Brenner's prescription medications despite her compliance with the prescription card procedure that PMA had established, and Employer had not obtained authorization otherwise to cease paying for the prescription medications. The Court, therefore, reverses the order of the Board.

### *O R D E R*

AND NOW, this 16th day of July, 2004, the order of the Workers' Compensation Appeal Board is hereby reversed.

President Judge COLINS dissents.