**Ruth HOUGH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AC&T COMPANIES), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 2007.

Decided July 17, 2007.

Charles E. Ganley, Waynesboro, for petitioner.

Christopher D. Pavuk, Wormleysburg, for respondent.

Thomas P. Howell, Asst. Counsel, Harrisburg, for amicus curiae, Bureau of Workers' Compensation.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge.

OPINION BY Judge SIMPSON.

This workers' compensation appeal raises a novel issue regarding fee review procedures that invites comparison with utilization review procedures. In particular, Ruth Hough (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed an award of penalty on unpaid pharmacy bills and of unreasonable contest attorney's fees. In reversing, the Board held the Workers' Compensation Judge (WCJ) lacked jurisdiction to determine the penalty issue because Section 306(f.1)(5) of the Workers' Compensation Act (Act)[1] provides a fee review procedure that must be exhausted prior to filing a penalty petition. For the following reasons, we reverse the Board and reinstate the WCJ's award.

In a 2003 work injury, Claimant suffered a partial amputation of her right middle finger. Claimant's employer, AC&T Companies, and its workers' compensation insurer, Zurich North America (collectively, Employer), issued a notice of compensation payable granting Claimant total disability benefits. Thereafter, Claimant's work injury resulted in the development of reflex sympathetic dystrophy (RSD). Following litigation, the WCJ approved a stipulation recognizing Claimant's RSD as compensable.

Claimant takes several prescription medications for RSD symptoms. She obtains her medications through Innoviant Pharmacy/Workers' Comp Rx (Provider),

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5).

which regularly deals with injured workers. As required by the Act, Provider submitted all outstanding balances, health insurance claim forms and necessary medical reports to Employer. However, Employer repeatedly failed to timely reimburse Provider for Claimant's medications.

As a result, Provider contacted Claimant's counsel seeking assistance in obtaining reimbursement for Claimant's prescriptions. In February 2005, Claimant filed a penalty petition alleging Employer failed to timely pay for prescriptions related to the work injury. Employer answered, denying the allegations.

Following two hearings, the WCJ issued a decision awarding a 50% penalty on the amount of $4,250.53 in outstanding bills. The WCJ also awarded a quantum meruit attorney's fee to Claimant's counsel for unreasonable contest. In so doing, the WCJ stated:

> [Employer's] response is that things were being processed.... There is no dispute that the bills were reasonable and necessary. Claimant used [Provider] to avoid the very problems that were raised at this hearing. If [Employer] wanted to challenge the bills they could have applied for a fee review. Even the proper forms were completed. While [Employer] has the right to ask for the forms they cannot avoid paying bills on technical reasons when well aware of bills as in this case. In fact there was a review by Dr. Korevaar for [Employer]. I thought penalties should be awarded. The carrier is in the business of handling workers' compensation bills. Claimant had to hire an attorney to proceed with this matter. If [Employer] has problems with medical bills there are avenues to challenge it.
>
> [Employer] suggests [Provider] has the obligation to submit a fee review. This is incorrect. This claim is in payment status. If [Employer] does not pay the bills they are subject to penalties. *Considering the obviousness of [C]laimant's condition and the fact that the doctors found that the treatment by other physicians [was] reasonable and necessary and the fact that this is an ongoing situation,* fifty percent (50%) penalties should be awarded.

WCJ's Op. at 2 (emphasis added).

Employer appealed. It argued Provider had a duty to file a fee review under Section 306(f.1)(5) of the Act[2] before any penalties could be assessed for matters

**2.** Section 306(f.1)(5), 77 P.S. § 531(5), provides (with emphasis added):

> *The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section.* All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

covered in that provision. The Board agreed with Employer, noting Claimant received all her prescriptions despite Employer's nonpayment to Provider. The Board reasoned that it is up to Provider, not Claimant, to file a fee review application challenging the untimeliness of payment. In support, the Board cited the Bureau of Workers' Compensation's (Bureau) medical cost containment regulations found at 34 Pa.Code §§ 127.259–61. Section 127.259 provides fee review requests will be assigned to a fee review hearing officer for an evidentiary hearing. Section 127.261 provides any party aggrieved by fee review adjudication may appeal to this Court.

Additionally, the Board cited *Zuver v. Workers' Compensation Appeal Board (Browning Ferris Industries of Pa.)*, 755 A.2d 112 (Pa.Cmwlth.2000). In that case, we held a challenge to the reasonableness and necessity of claimant's medical services must first be resolved through the *utilization review* process in Section 306(f.1)(6) of the Act, 77 P.S. § 531(6), rather than by the WCJ in a claim petition pursuant to a stipulation by the parties. As the Board noted, the present case involves *fee review* under Section 306(f.1)(5), not *utilization review* under Section 306(f.1)(6). Nevertheless, the Board found the rationale in *Zuver* applicable and held the WCJ lacked jurisdiction to determine the underlying payment dispute because Provider's remedy for late payments lies in fee review.[3] Consequently, the Board re-

versed the WCJ's award. Claimant's petition for review followed.[4]

## I. Penalty Award

Claimant asserts the Board erred by reversing the penalty award on the ground the WCJ lacked jurisdiction to address the payment dispute because Provider failed to apply for fee review under Section 306(f.1)(5) of the Act. Claimant argues it is Employer's duty under the Act to either pay her medical bills within 30 days of receipt or challenge the reasonableness and necessity of the bills under either the utilization or fee review provisions. By doing neither, Claimant asserts, Employer violated the Act.

Thus, Claimant contends that a fee review request by Provider is not the sole remedy for Employer's failure to timely pay her medical bills. She further asserts that self-help by an employer, without first challenging the reasonableness or necessity of the treatment, is not an appropriate option. In support, Claimant cites *Brenner v. Workers' Compensation Appeal Board (Drexel Industries)*, 856 A.2d 213 (Pa.Cmwlth.2004), *appeal denied*, 583 Pa. 664, 875 A.2d 1076 (2005) (employer precluded from unilaterally ceasing payment absent utilization review or other prior authorization; penalty award reinstated).

Additionally, the Bureau, as *amicus curiae* in support of Claimant, argues fee review is not a condition precedent to the

3. In *Zuver*, 755 A.2d at 114, we stated:
   [T]he Act provides that all disputes as to the reasonableness or necessity of treatment shall be resolved through the utilization review process under Section 306(f.1)(6). The parties cannot short-circuit the process by stipulating to have the WCJ decide this issue in a claim petition without first proceeding to utilization review. As with any issue going to the subject matter jurisdiction of an administrative tribunal to act, the

   parties cannot confer subject matter jurisdiction on a tribunal by agreement or stipulation.

4. This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25 (Pa.Cmwlth.2005).

imposition of penalties. It asserts the WCJ may assess penalties for violations of the Act and such assessments will not be reversed absent an abuse of discretion. In support, the Bureau cites *Westinghouse Electric Corp. v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209 (Pa. Cmwlth.2003) (penalty for failure to timely pay medical bills upheld even where bills not submitted on appropriate forms). The Bureau argues *Westinghouse* compels reversal of the Board's decision in this matter.

Also, the Bureau questions the application of *Zuver* here because utilization review under Section 306(f.1)(6) differs from fee review under Section 306(f.1)(5). Although utilization review provisions preempt the WCJ's jurisdiction on the entire subject matter of "reasonableness or necessity," nothing in Section 306(f.1)(5) preempts a WCJ's authority over penalties. Rather, Section 306(f.1)(5) provides standing for medical providers, who otherwise lack standing, to request fee review.

The Bureau also argues the Board's decision would impair enforcement of the Act by permitting insurers to ignore requirements for timely payment of medical bills, which may encourage medical providers to release patients from care rather that deal with the bureaucracy of payment enforcement. In addition, the Bureau asserts the Board's decision to require providers to litigate fee review before claimants may file a penalty petition will exponentially increase the number of litigated cases. There may be numerous providers involved in each case. Finally, the Bureau points out there is no dispute here as to the compensability of the prescription bills.

Employer responds with several arguments, most of which challenge Claimant's standing. First, Employer asserts Claimant lacks standing because Provider never applied for fee review. It argues fee review under Section 306(f.1)(5) is the exclusive administrative remedy for adjudicating billing transactions involving payment disputes between an employer and a medical provider.

Second, Employer challenges Claimant's standing because she is not involved in the billing transactions, and Provider never threatened to discontinue medications for nonpayment. Thus, the Act provides no authorization for Claimant to pursue fee review before the WCJ under the guise of a penalty petition.

Third, Employer asserts Claimant sustained no harm by a fee dispute between Provider and Employer. Claimant never paid for her prescriptions or stopped receiving them. Moreover, Employer maintains, there is no evidence indicating Claimant will lose her ability to obtain her prescriptions.

Fourth, Employer contends the WCJ lacks subject matter jurisdiction to adjudicate fee disputes between Provider and Employer. Further, Employer asserts Claimant cannot confer such jurisdiction on the WCJ by filing a penalty petition. Such a filing violates the statutory and regulatory scheme under Section 306(f.1)(5). Fee reviews, Employer argues, must be determined by the Bureau's Fee Review Office in Harrisburg, not by the numerous WCJs scattered across the state.

Alternatively, Employer argues that even assuming Claimant's standing, the record does not support a finding Employer violated the Act. Employer maintains it never discontinued or cut off Claimant's prescription payments. Employer also asserts Provider never properly billed Employer until April 2005, approximately two months after Claimant filed her penalty petition. Thus, Employer contends its duty to pay the prescription bills did not

arise until that time. In addition, Employer claims the WCJ lacked the necessary documentation to determine the correct amount owed.[5]

A WCJ's power to assess penalties is set forth in Section 435 of the Act, 77 P.S. § 991, which provides in relevant part:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

■ In *Westinghouse,* we noted "[t]he assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal." 823 A.2d at 213. Significantly, a claimant need not suffer economic harm before penalties may be imposed. *Palmer v. Workers' Comp. Appeal Bd. (City of Phila.),* 850 A.2d 72 (Pa. Cmwlth.2004). Rather, penalties may be imposed to ensure compliance with the Act. *Id.*

Here, we conclude the Board erred in determining the WCJ lacked jurisdiction to address Claimant's penalty petition because Provider did not first file for fee review. As the Board noted, Section 306(f.1)(6), governing utilization review, limits subject matter jurisdiction over the reasonableness and necessity of medical treatment to the utilization review process. *Zuver.* However, the utilization review provision and *Zuver* are inapplicable here.

■ Rather, Section 306(f.1)(5), governing fee review, controls. Unlike the utilization review provision, the fee review provision does not expressly bind all parties to the described procedures. Rather, the fee review provision only addresses employers or insurers and providers. The fee review provision does not mention employees or claimants at all. Therefore, there is no language in the fee review provision which affects rights of employees provided elsewhere in the Act. More particularly, there is no language in the fee review provision which limits or conditions an employee's right to pursue a penalty petition under Section 435 of the Act as a result of a late payment of medical bills.[6]

Additionally, we agree with the Bureau that our decision in *Westinghouse* informs our analysis. Although *Westinghouse* does not directly address the issue raised here, whether a WCJ has jurisdiction over matters of timeliness of payments to medical providers absent a fee review request by provider, it is instructive on the issue of employer's obligation to timely pay claimant's medical bills.

In *Westinghouse,* we determined that a penalty awarded for non-payment of medical bills was not legally defective because the bills were not on the appropriate

---

**5.** Citing 34 Pa.Code § 127.253, Employer asserts a fee review application must contain three things to determine timeliness: the HCFA forms; the medical reports and supporting documentation; and insurer's written explanation of benefits to provider.

**6.** "Pursuant to Section 306(f.1)(5) of the Act, an insurer must reimburse medical bills within thirty days of receipt of bills for medical expenses." *Brenner,* 856 A.2d at 216. *See also* 34 Pa.Code § 127.208 (time for payment of medical bills).

forms. In other words, the failure to use the appropriate forms was a factual matter addressed to the WCJ's discretion. "Once it is determined that an employer is liable for an injury under the Act, the employer is required to pay a claimant's medical bills within thirty days of receipt." *Westinghouse,* 823 A.2d at 218.

Also in *Westinghouse* we discussed the WCJ's jurisdiction. We held that disputes concerning utilization issues, reasonableness or necessity of treatment, must be resolved through the utilization review process in Section 306(f.1)(6) of the Act. Thus, we noted the WCJ generally lacks original subject matter jurisdiction over the utilization issues of reasonableness or necessity of treatment. *Id.* However, the employer in *Westinghouse,* like Employer here, failed to challenge the reasonableness or necessity of Claimant's treatment. As a result, we held "[c]laimant is entitled to an award of penalties ... for [e]mployer's failure to timely pay and reimburse ... providers for [c]laimant's work-related medical expenses as ordered by the [WCJ]." 823 A.2d at 219.

■ *Westinghouse* supports the penalty award here. Employer did not challenge Claimant's bills as unreasonable or unnecessary. Additionally, Provider, a pharmacy used primarily by workers' compensation claimants, submitted the proper forms. As we stated in *Westinghouse,* "[e]mployer could have challenged the subject medical bills in accordance with the utilization review provisions of the Act, during which [e]mployer would have had the burden." 823 A.2d at 218. Because Employer here failed to challenge Claimant's bills through utilization review under Section 306(f.1)(6), nothing preempted the WCJ's subject matter jurisdiction over Claimant's penalty petition. Sections 306(f.1)(5), 435(d) of the Act; 77 P.S. §§ 531(5), 991(d); *Westinghouse.*

■ For these reasons, we hold Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), does not require that Provider seek fee review before Claimant may proceed on a penalty petition alleging untimely payment of medical bills.

Further, we reject Employer's argument Claimant was not aggrieved here and thus lacks standing to bring her penalty petition. Although Claimant continued to receive her medications, her counsel informed the WCJ that Employer was denying timely payment to Provider. Notes of Testimony (N.T.) 04/19/2005, at 3–5; Reproduced Record (R.R.) at 10a–12a. As a result, Provider contacted Claimant's counsel regarding working together to get the prescriptions paid. *Id.*

Also, Claimant testified Provider sent her "a letter or two" and one of the letters noted a $4,000 balance. N.T. 07/21/05, at 14; R.R. at 30a. The WCJ noted in his decision that Claimant was becoming anxious about Employer's untimely payment of her prescriptions. WCJ's Op. at 2. The WCJ also determined: "Considering the obviousness of [C]laimant's condition and the fact that the doctors found that the treatment by other physicians [was] reasonable and necessary and the fact that this is an ongoing situation, fifty percent (50%) penalties should be awarded." *Id.*

■ As discussed above, the Act does not require a claimant suffer economic harm before a penalty can be imposed. *Palmer.* Rather, penalties may be imposed to secure compliance with the Act. *Id.* Section 306(f.1)(5) requires payment of medical bills within 30 days. *Brenner.* Further, an excessive or unreasonable delay in the payment of compensation rises to a violation of the Act supporting a penalty award. *McKay v. Workmen's Comp. Appeal Bd. (Bethenergy Mines, Inc.),* 654 A.2d 262 (Pa.Cmwlth.1995). When evalu-

ated in light of these legal principles, the determinations of the WCJ are clearly sufficient to establish Claimant's standing.

■ For the same reason, we reject Employer's alternative argument the record does not support a finding it violated the Act because Provider failed to file the proper forms prior to the penalty petition and the WCJ did not know the correct amount owed. Regardless of the forms filed, it is within a WCJ's discretion to award a penalty based on failure to timely pay medical bills. This is especially true where an employer does not challenge the bills in a utilization or fee review proceeding. *Westinghouse.* Accordingly, we reverse the Board and reinstate the WCJ's penalty award.

## II. Unreasonable Contest Attorney's Fees

In this argument, Claimant contends Employer failed to establish a reasonable contest of the penalty petition. Claimant asserts the parties stipulated that her work injury includes RSD and that the medications are reasonable and necessary given Claimant's work injury. Claimant further asserts Employer engaged in an unwarranted delay by failing to pay outstanding prescription bills and provided no evidence to the contrary. Therefore, Claimant argues the WCJ properly awarded unreasonable contest attorney's fees under Section 440 of the Act, 77 P.S. § 996.[7]

Employer responds that it established a reasonable contest given Provider's failure to properly bill until after Claimant filed her penalty petition. Employer also asserts it did not unilaterally cease payment for Claimant's prescriptions. Further, Employer contends that it contested this matter because a genuine dispute existed as to whether Provider must first seek fee review to support a violation of the Act. Additionally, Employer challenges the sufficiency of the WCJ's findings, including the proper amount of reimbursement.

■ The reasonableness of an employer's contest of liability is an issue of law subject to our plenary review. *Bates v. Workers' Comp. Appeal Bd. (Titan Constr. Staffing, LLC)*, 878 A.2d 160 (Pa. Cmwlth.2005), *appeal denied*, 588 Pa. 752, 902 A.2d 1243 (2006). The employer bears the burden of establishing a reasonable contest. *Id.* Further, an employer's contest is not unreasonable as a matter of law whenever a violation of the Act is established. *Jordan v. Workers' Comp. Appeal Bd. (Phila.Newspapers, Inc.)*, 921 A.2d 27 (Pa.Cmwlth.2007). Rather, each case must be decided on its own facts to determine whether employer's contest of a penalty petition was reasonable. *Id.*

■ Where an employer's failure to follow the procedures in the Act is the reason a claimant must incur attorney's fees, employer should be liable for claimant's attorney's fees. *Id.* (citing *Waldameer Park, Inc. v. Workers' Compensation*

---

7. Section 440, added by the Act of February 8, 1972, P.L. 25, provides:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

*Appeal Board (Morrison),* 819 A.2d 164 (Pa.Cmwlth.2003)). Such is the case here.

██ Employer did not challenge Claimant's medications in either a utilization review or fee review proceeding. As a result, Claimant's attorney proceeded with the penalty petition. If Employer complied with the Act and timely reimbursed Provider for Claimant's prescriptions, Claimant would not have incurred the attorney's fees. Accordingly, Claimant is entitled to these fees under Section 440 of the Act. *Jordan; Waldameer Park.*

██ We reject Employer's arguments for reasonable contest. There is no language in the Act to support Employer's position about the Claimant's incapacity to proceed with a penalty petition. Also, the record fails to support Employer's claims regarding the inadequacy of Provider's billing. Finally, because the WCJ's findings were rendered *after* the Employer fully contested the petition, the supposed insufficiency of the findings cannot retroactively establish a reasonable contest.

For the above reasons, we reverse the Board's order and reinstate the WCJ's order granting Claimant's penalty petition and awarding her unreasonable contest attorney's fees.

## *O R D E R*

AND NOW, this 17th day of July, 2007, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **REVERSED** and the order of the Workers' Compensation Judge is **REINSTATED.**

Judge COHN JUBELIRER concurs in the result only.