IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daisy A. Rodriguez, MD,                     :
                                            :
                    Petitioner              :
                                            :
          v.                                : No. 869 C.D. 2019
                                            : Submitted: November 22, 2019
Workers' Compensation Appeal                :
Board (Adecco Group North                   :
America),                                   :
                                            :
                    Respondent :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  January 6, 2021


          Daisy A. Rodriguez, MD (Provider) petitions for review of the June 14, 2019 order of the Workers' Compensation Appeal Board (Board), which reversed the decision of a workers' compensation judge (WCJ) granting Provider's penalty petition for lack of evidence. Upon review, we affirm on other grounds.

          John Irons (Claimant) was employed by Adecco Group North America (Employer) as a warehouse worker.  On January 6, 2015, Claimant was injured

---

[1]The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

during the course and scope of his employment when he slipped and fell on snow on Employer's premises.

Employer issued a notice of temporary compensation payable (NTCP) describing the injury as a strain/sprain of the low back and left knee. On January 21, 2015, Claimant filed a claim petition alleging that, in addition to injuring his back and knee, he also injured his neck and suffered from post-concussion syndrome and headaches. Claimant alleged ongoing total disability. Employer filed an answer denying that Claimant sustained injuries other than those already acknowledged in the NTCP.

On February 24, 2015, Employer issued a notice stopping temporary compensation along with a medical-only notice of compensation payable (NCP) accepting liability for the medical bills for a strain/sprain of the low back and left knee but not wage loss benefits. Reproduced Record (R.R.) at 68a. On May 8, 2015, Employer filed a termination petition alleging that Claimant fully recovered from his work injury as of April 8, 2015. Employer did not file a utilization review request at any time.

During that litigation, Claimant submitted evidence including the testimony of Provider. On February 4, 2016, WCJ Lawrence denied Claimant's claim petition, finding that Claimant did not sustain any other injuries in addition to the strain/sprain of the low back and left knee, and did not experience wage loss due to the work injury because Employer made work available to Claimant. WCJ Lawrence rejected Provider's testimony as not credible. WCJ Lawrence granted Employer's termination petition, finding that Claimant had fully recovered from his work injury as of April 8, 2015. Claimant appealed to the Board, which affirmed WCJ Lawrence's decision on December 2, 2016. R.R. at 71a-82a.

2

On June 26, 2017, Provider filed the instant penalty petition, alleging that Employer violated the Workers' Compensation Act (Act)[2] by issuing the medical-only NCP accepting as compensable low back and left knee injuries but failing to pay medical bills related to those injuries up to WCJ Lawrence's February 4, 2016 decision and order terminating Claimant's benefits. R.R. at 6a-9a. Employer filed an answer denying that it violated the Act and averring that Provider was seeking payment for treatments not causally related to the work injury as found by WCJ Lawrence. *Id.* at 13a.

On December 20, 2017, WCJ DiLorenzo granted Provider's penalty petition, concluding that Employer violated the Act by failing to pay Provider for medical treatment rendered to Claimant from April 8, 2015, up until February 4, 2016, when WCJ Lawrence terminated Claimant's benefits. R.R. at 16a-24a. WCJ DiLorenzo found that Employer was not required to pay for treatment from January 7, 2015, through April 7, 2015, because Provider was not a panel provider. *Id.* WCJ DiLorenzo declined to assess a penalty, but ordered Employer to pay $39,341.93 for medical expenses and to reimburse Provider's litigation costs. *Id.* Employer appealed to the Board. *Id.* at 25a-29a.

On appeal, the Board reversed. The Board found that

> WCJ [DiLorenzo] erred in granting [Provider's penalty petition] by ordering [Employer] to pay medical bills up to February 4, 2016, in the amount of $39,341.93. An employer is only responsible to pay for medical expenses that are causally related to the recognized work injury. Moreover, if a medical provider disputes the amount or timeliness of payments, the provider "shall file an application for fee review." Section 306 of the Act, 77 P.S. §531(5).

---

[2] Act of June 12, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

3

Board Opinion at 7. Provider now petitions this Court for review.[3]

Provider first argues that the Board erred in holding that she must file an application for fee review prior to filing a penalty petition. Second, Provider argues that the Board exceeded its scope of review by making its own credibility determinations and weighing evidence.

Employer argues that the Board correctly held that WCJ DiLorenzo's decision was not supported by substantial evidence. Employer argues that the Board properly determined Provider should have availed herself of the fee review process under the Act prior to filing a penalty petition. However, Employer asserts that the Board's decision ultimately rests on the lack of causal relation of the billed treatments to Claimant's work injury.

Section 306(f.1)(1)(i) of the Act requires the employer to pay for "reasonable surgical and medical services, services rendered by physicians or other health care providers . . . as and when needed." 77 P.S. §306(f.1)(1)(i). Section 306(f.1)(5) of the Act provides, in relevant part:

> A provider who has submitted the reports and bills required by this section and who disputes the *amount or timeliness* of payment from the employer or insurer *shall file an application for fee review* with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.

77 P.S. §531(5) (emphasis added).

Once an insurer or employer makes a payment to the extent it deems itself liable, a provider must file her application for fee review within the provided

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

time limit or it will not be considered. *Hospital of the University of Pennsylvania v. Bureau of Workers' Compensation (Tyson Shared Services, Inc.)*, 932 A.2d 1010, 1014 (Pa. Cmwlth. 2007). After a provider has filed an application for fee review with the Bureau of Workers' Compensation (Bureau), an administrative decision shall be made within 30 days. 34 Pa. Code §127.256. A provider or insurer has the right to contest an adverse administrative decision by filing a written request for a hearing with the Bureau. 34 Pa. Code §127.257. A party aggrieved by a fee review adjudication may appeal to this Court. 34 Pa. Code §127.261.

Notably, where the insurer issues an NCP, the insurer may still contest liability for medical care or for a particular treatment on several grounds. If the NCP and the insurer's accompanying liability for medical compensation has not been modified or terminated, the insurer may nonetheless question liability for a particular treatment. 77 P.S. §531(5).

In this case, Employer is responsible for paying Claimant's medical bills for the accepted strain/sprain of the low back and left knee. Employer made payments for treatments related to the work injury, as required by Section 306(f.1)(1)(ii) of the Act, totaling $1,704.59. R.R. at 200a. However, Provider had billed Employer for treatment that Employer asserts is not related to the work injury, totaling $73,188.00. *Id.* at 206a-47a. This resulted in a genuine dispute over the amount due to Provider, implicating the fee review process outlined above. Section 306(f.1) of the Act.[4]

---

[4] We note that the facts of this case potentially implicate the Act's utilization review (UR) process. However, the Act does not give Provider standing to file for utilization review; only an employer, employee, or insurer may file an initial request for UR. After an adverse UR determination, a provider has standing to appeal to the WCJ. Section 306(f.1)(6)(iv) of the Act, 77 P.S. §531(6).

5

Provider is attempting to resolve a fee dispute, but failed to follow the procedure and timeline provided by the Act. As the Board notes, there is no record evidence of Provider availing herself of the fee review process. R.R. at 44a. The Bureau and its hearing examiners have jurisdiction over fee disputes, not the WCJs. 34 Pa. Code §§127.256, 127.257. If a provider was able to settle a fee dispute through the use of a penalty petition, it would render the fee review provisions of the Act meaningless.[5] Therefore, the Act required Provider to file for fee review prior to filing a penalty petition for nonpayment.

We distinguish our holding in this case from our decision in *Hough v. Workers' Compensation Appeal Board (AC&T Companies)*, 928 A.2d 1173 (Pa. Cmwlth. 2007). Contrary to Provider's assertions, *Hough* does not hold that a provider may file a penalty petition prior to availing itself of the fee review process. Rather, this Court held in *Hough* that Section 306(f.1)(5) of the Act does not require that a *provider* seek fee review before a *claimant* can file a penalty petition for unpaid medical bills. 928 A.2d at 1179. In this case, Provider is the party filing the penalty petition *and* has failed to avail herself of the Act's fee review process. As a result, WCJ DiLorenzo could not properly dispose of the instant fee dispute, and the Board's order will be affirmed.[6, 7]

---

[5] There is a presumption that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable when enacting a statute. *Enterprise Rent-A-Car v. Workers' Compensation Appeal Board (Clabaugh)*, 934 A.2d 124, 130 (Pa. Cmwlth. 2007).

[6] We "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000); *accord Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015).

[7] Moreover, we would affirm the Board's order even if we were to reach the merits of this appeal. "[L]iability for an injury is distinct from liability for a particular treatment or its cost. The **(Footnote continued on next page…)**

Accordingly, the Board's order is affirmed.


                                                                              
MICHAEL H. WOJCIK, Judge

---

NCP, even if 'open' and binding with respect to liability for the injury, is not dispositive as to the medical care provider's claim for reimbursement for the cost of a particular treatment." *Crozer Chester Medical Center v. Department of Labor & Industry, Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 197 (Pa. 2011). Under the Act, an employer is *only* liable for payment of medical bills arising out of work-related injuries. *Mulholland v. Workmen's Compensation Appeal Board (Bechtel Construction)*, 669 A.2d 465, 469 (Pa. Cmwlth. 1995). The moving party bears the burden of proof. 34 Pa. Code §131.121(g). The Board properly held that WCJ DiLorenzo's decision was not supported by substantial and competent evidence. The testimony regarding the coding of unpaid bills of Provider's director of billing and collections, Ms. Angelini, is insufficient to establish a causal relation between the treatment and the work injury. Thus, Provider's failure to introduce any competent testimony in this regard left WCJ DiLorenzo with no basis upon which to grant the penalty petition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Daisy A. Rodriguez, MD, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 869 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Adecco Group North | : | |
| America), | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>January</u>, 2021, the June 14, 2019 order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge