IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Day-Timers, Inc., : 
                Petitioner : 
                 : 
      v. : No. 538 C.D. 2024
                 : Submitted: April 8, 2025
Rhonda Horton (Workers' : 
Compensation Appeal Board), : 
           Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE WALLACE                    FILED:  August 15, 2025


Day-Timers, Inc. (Employer) petitions for review of the Workers' Compensation Appeal Board's (Board) April 3, 2024 order (Order) affirming the Workers' Compensation Judge's (WCJ) July 5, 2023 decision (Decision) that granted Rhonda Horton's (Claimant) Petition to Review Compensation Benefits (Review Petition) and awarded a penalty and counsel fees to Claimant. After review, we affirm.

## BACKGROUND

Claimant sustained a work-related back injury in 1998 for which Claimant and Employer entered into a Compromise and Release Agreement (C&R Agreement). Certified Record (C.R.) at 58. Claimant received monthly prescription medications from Alliance Medication Service, LLC (Provider) for her injury. Between July 22, 2022, and January 16, 2023, Provider submitted five Applications

for Fee Review (Applications) to the Bureau of Workers' Compensation Medical Fee Review Section (Fee Review Section) challenging Employer's payment amount for Claimant's monthly prescription medication. *Id*. at 31. The Fee Review Section determined Provider billed Employer $426.00, that the proper re-priced amount to be paid was $312.64, and the amount actually paid by Employer was $14.59, on each of the five Applications. *Id*. at 18-19. Accordingly, the Fee Review Section issued Fee Review Determinations (Determinations) indicating Employer owed Provider $298.05, plus interest, on each Application, for a total of $1,490.25. *Id*. Employer did not contest the Determinations.

On January 27, 2023, Claimant filed her Review Petition asserting Employer failed to pay the amount owed on the Determinations. *Id*. at 6. Employer filed an answer denying "[a]ll allegations regarding failure to pay medical bills . . . [and] also den[ying] that there [was] any violation of the [Act]." *Id*. at 12. The matter was assigned to the WCJ and at the first hearing, Claimant clarified she was seeking a penalty for Employer's failure to pay the medical bills under the Determinations. *Id*. at 17. In response, Employer moved for dismissal asserting the WCJ lacked jurisdiction to decide the matter. *Id*. at 63-64. The WCJ denied Employer's motion. Employer did not present any evidence in opposition to the Review Petition.

The WCJ issued its Decision finding that on each of the Determinations, Employer timely paid an amount less than the amount owed. *Id*. at 18. The WCJ found that despite the Determinations indicating either party may request further hearing, Employer did not contest the Determinations. *Id*. The WCJ concluded Employer failed to timely pay the medical bills following the Determinations. *Id*. The WCJ noted Employer presented no evidence to suggest it paid Provider and no evidence to explain why it failed to pay Provider in full, despite the uncontested

2

Determinations. *Id*. Accordingly, the WCJ determined Employer unreasonably contested the Review Petition because it filed denials to all material allegations in response to the Review Petition and presented no evidence to excuse the failure to pay Provider in accordance with the Determinations. *Id*. Consequently, the WCJ granted Claimant's Review Petition, ordered Employer to pay a 50% penalty (Penalty) on all unpaid and untimely paid medical bills from Provider under the Determinations, and awarded counsel fees to Claimant (Counsel Fees). *Id*. at 22.

Employer appealed to the Board. Before the Board, Employer argued the WCJ did not have jurisdiction to assess the Penalty for nonpayment after the Fee Review Section issued the Determinations. *Id*. at 46. The Board disagreed and concluded the Act provides for penalties to assure compliance, and noted Employer did not dispute the balances on the Determinations remained unpaid. *Id*. Thus, the Board determined the WCJ properly assessed the Penalty against Employer. *Id*. Additionally, the Board noted the WCJ found Employer did not offer evidence in opposition to Claimant's Review Petition or an explanation for the unpaid balances, and thus properly found Employer engaged in an unreasonable contest and awarded Claimant Counsel Fees. *Id*. at 47. Accordingly, the Board affirmed the WCJ's Decision. *Id*. at 48.

Employer now appeals to this Court. On appeal, Employer argues the Board erred by affirming the WCJ's award of the Penalty and Counsel Fees to Claimant where the dispute involved a fee review between Provider and Employer and, therefore, the WCJ lacked jurisdiction to address the matter. Employer's Br. at 8. In response, Claimant asserts the Board properly affirmed the WCJ because Employer failed to pay Provider the amounts owed under the Determinations,

offered no evidence during litigation, and now relies on a challenge to the WCJ's jurisdiction that has no basis in law. Claimant's Br. at 1, 3.

## DISCUSSION

This Court reviews workers' compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.* The WCJ is the ultimate fact finder in workers' compensation cases and is entitled to weigh the evidence and assess credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). In reviewing issues concerning the Act, we are mindful the Act is remedial in nature and its purpose is to benefit the workers of the Commonwealth. *Tooey v. AK Steel Corp.*, 81 A.3d 851, 858 (Pa. 2013). Accordingly, we construe the Act liberally to effectuate its humanitarian objectives, and we resolve borderline interpretations in the injured party's favor. *Id.* (citation omitted). With this in mind, we address Employer's issues on appeal.

Penalty

Section 435 of the Act authorizes penalties against employers that violate the Act or its regulations. 77 P.S. § 991(d).[1] To prevail on a penalty petition, a claimant bears the burden of showing an employer violated the Act. *DTE Energy Co., Inc. v. Workers' Comp. Appeal Bd. (Weatherby)*, 245 A.3d 413, 422 (Pa. Cmwlth. 2021). The WCJ has sound discretion over the imposition and amount of a penalty. *See Mclaughlin v. Workers' Comp. Appeal Bd. (St. Francis Country House)*, 808 A.2d

---

[1] Added by the Act of February 8, 1972, P.L. 25.

4

285, 288 (Pa. Cmwlth. 2002). We will not overturn such decisions absent an abuse of discretion. *Id*.

Under Section 306(f.1) of the Act, an employer "shall" pay for reasonable medical services and medicines provided by physicians or other health care providers to a claimant for a compensable work injury, as and when needed. 77 P.S. § 531(1)(i). The Act shields a claimant from liability to a provider for the cost of treatment, and places the obligation on the employer, acting independently or through its insurer, to make timely payments to providers for such costs. 77 P.S. § 531(5), (7). Unless an employer disputes the reasonableness or necessity of the treatment provided, all payments to providers are required to be made within 30 days of an employer's receipt of a provider's bill. 77 P.S. § 531(5). Where an employer fails to pay the bill in its entirety or fails to timely pay the bill, the provider shall file an application for fee review. *Id*. Moreover, where an employer fails to pay the entire bill from a provider, the employer may be subject to penalties to the claimant for unreasonable delays in paying compensation. *See* 77 P.S. § 991(d) (penalties); 34 Pa. Code § 127.210 (interest on untimely payments).

In *Hough v. Workers' Compensation Appeal Board (AC&T Companies)*, 928 A.2d 1173 (Pa. Cmwlth. 2007), this Court addressed a WCJ's imposition of a penalty against an employer that failed to timely reimburse a provider for medical bills. In *Hough*, a claimant suffered a work injury for which she obtained medications through her provider, and the employer failed to timely reimburse the provider for the claimant's medications. *Id*. at 1176. Rather than request a fee review, the provider reached out to the claimant's counsel seeking assistance in obtaining reimbursement for the claimant's prescriptions. *Id*. The claimant filed a penalty petition alleging the employer failed to timely pay for the prescriptions. *Id*. The

5

WCJ awarded a 50% penalty to the claimant, and the Board reversed concluding, in relevant part, that the WCJ lacked jurisdiction to determine the underlying payment dispute because the provider's remedy for late payments should have been with the fee review process. *Id.* The claimant appealed to this Court. *Id.* This Court noted "penalties may be imposed to secure compliance with the Act," and "Section 306(f.1) [of the Act] requires payment of medical bills within 30 days." *Id.* at 1180. Additionally, this Court indicated "an excessive or unreasonable delay in the payment of compensation rises to a violation of the Act supporting a penalty award." *Id.* Moreover, this Court stated, "it is within a WCJ's discretion to award a penalty based on failure to timely pay medical bills." *Id.* at 1181. Furthermore, this Court did not accept the employer's argument that the claimant was not aggrieved because she continued to receive her medications, noting "the Act does not require a claimant suffer economic harm before a penalty can be imposed. . . . Rather, penalties may be imposed to secure compliance with the Act." *Id.* at 1180. Accordingly, this Court reversed the Board and reinstated the WCJ's penalty award. *Id.*

Here, there is no dispute Employer failed to pay Provider the amounts due under the Determinations. Employer argues "the WCJ did not have jurisdiction over the outstanding amount owed to [Provider], as that was handled through the fee review arm of the [Act]." Employer's Br. at 12. We disagree. While *Hough* differs from the case before us in that the provider in *Hough* did not request a fee review, and Provider here did, we nevertheless find *Hough* instructive. Section 435 of the Act authorizes a WCJ to impose penalties for violations of the Act. Section 306(f.1) of the Act required Employer to pay the amounts due to Provider. Employer failed to pay the amounts due to Provider, and, therefore, violated the Act. We cannot agree with Employer that "having [c]laimants file penalty petitions . . . to address

6

these disputes is inappropriate and outside the intended scope of the fee review process." Employer's Br. at 12. As we explained in *Hough*:

> Section 306(f.1)(5)[ of the Act], governing fee review, controls. . . . [T]he fee review provision does not expressly bind all parties to the described procedures. Rather, the fee review provision only addresses employers or insurers and providers. The fee review provision does not mention employees or claimants at all. Therefore, there is no language in the fee review provision which affects rights of employees provided elsewhere in the Act. More particularly, there is no language in the fee review provision which limits or conditions an employee's right to pursue a penalty petition under Section 435 of the Act as a result of a late payment of medical bills.

*Hough*, 928 A.2d at 1179.

Further, we disagree with Employer's reliance on *Enterprise Rent-A-Car v. Workers' Compensation Appeal Board (Clabaugh)*, 934 A.2d 124 (Pa. Cmwlth. 2006). In *Clabaugh*, a claimant filed a utilization review request seeking review of the reasonableness and necessity of home modifications after a work-related injury rendered him quadriplegic. *Id*. at 124-25. The utilization review determination indicated the modifications were reasonable and necessary. *Id*. at 125. The final cost of the home remodeling was $299,626.71 and the employer paid a total of $113,149.67, leaving a shortfall of $46,891.20. *Id*. at 126. The claimant filed a penalty petition alleging the employer violated the Act by failing to timely pay the bills for the reasonable and necessary home modifications. *Id*. at 125. The WCJ granted the claimant's penalty petition, and the Board affirmed. On appeal to this Court, the employer argued the contractor should have sought fee review if it was dissatisfied with the employer's payment amounts, rather than obtain a penalty via a WCJ. *Id*. We agreed noting that "jurisdiction in fee disputes . . . lies with the Bureau and its hearing examiners, not WCJs. 34 Pa. Code §§ 127.256, 127.257."

7

*Id*. at 128. Because the contractor never sought fee review, we concluded it waived its right to challenge the amount paid by the employer and, by operation of law, the employer's debt was considered fully satisfied. *Id*. Accordingly, we determined the employer's refusal to pay the contractor was not a violation of the Act and, absent a violation of the Act, the WCJ should not have granted claimant's penalty petition. *Id*. We recognized the statutorily mandated remedy for a dispute over payment amounts is through the fee review process, and a WCJ is not able to settle a fee dispute in the context of a penalty petition. *Id*. at 129.

We view *Clabaugh* as distinguishable from this matter. In *Clabaugh*, the claimant filed a penalty petition to address a dispute over whether the employer's payments were sufficient to satisfy its obligation. Comparatively, here, Provider and Employer utilized the fee review process to address whether Employer's payments were sufficient, and the Fee Review Section issued Determinations indicating Employer owed Provider additional payment. Therefore, the issue before the WCJ was whether Employer violated the Act by failing to pay the amounts owed under the Determinations. As explained above, it is proper for a WCJ to address Employer's compliance with the Act. Accordingly, we do not find *Clabaugh* instructive here.

Moreover, like in *Hough*, we see no merit in Employer's argument that Claimant was not aggrieved by the lack of payment to Provider. Employer's Br. at 12. The Act does not require a claimant to suffer an economic harm before seeking penalties. *See Hough*, 928 A.2d at 1180. The Act does require, however, Employer pay medical expenses associated with Claimant's work injury. Employer failed to pay Provider under the Determinations and, thus, violated the Act. Because Employer violated the Act, and "it is within a WCJ's discretion to award a penalty

8

based on failure to timely pay medical bills," *id.* at 1181, the WCJ did not err or abuse his discretion by awarding the Penalty.

Counsel Fees

Finally, we address Employer's argument that the WCJ erred by awarding Claimant Counsel Fees "where the dispute in this matter was purely between [Provider] and the insurer." Employer's Br. at 8. Section 440(a) of the Act[2] provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part *shall be awarded*, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees *may be excluded* when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added). In *Lorino v. Workers' Compensation Appeal Board*, 266 A.3d 487 (Pa. 2021), our Supreme Court explained:

> Based on the established meaning of the terms "shall" and "may," under Section 440, when a contested case is resolved in favor of an employee, a reasonable sum for attorney's fees *shall* be awarded to the claimant. Such an award is *mandatory*. Where, however, the employer has established a reasonable basis for the contest, an award of attorney's fees *may* be excluded. In other words, the WCJ is *permitted*, *but not required*, to exclude an award of attorney's fees.

*Id*. at 494 (emphasis in original). Thus, Section 440 of the Act affords the WCJ discretion to refuse an award of attorney fees when the employer has established a

---

[2] Added by the Act of February 8, 1972, P.L. 25.

9

reasonable basis for its contest. *Id*. When the employer fails to establish a reasonable basis for its contest, a claimant is entitled to attorney fees.

While the question of whether there has been a reasonable contest depends on both the facts and the legal issues involved in each case, it is "a question of law fully reviewable by this Court." *Gabriel v. Workers' Comp. Appeal Bd. (Proctor & Gamble Prods. Co.)*, 242 A.3d 956, 963 (Pa. Cmwlth. 2020). The employer bears the burden of proving a reasonable basis for the contest, and the evidence must clearly establish the employer's contest was not frivolous or undertaken to harass the claimant. *Thompson v. Workers' Comp. Appeal Bd. (Cinema Ctr.)*, 981 A.2d 968, 973 (Pa. Cmwlth. 2009). "[T]he purpose behind Section 440(a) of the Act is to deter unreasonable contests by employers and to [e]nsure that a successful claimant receives compensation undiminished by necessary costs of litigation." *Gabriel*, 242 A.3d at 963 (citation and quotations omitted).

Here, the WCJ found Employer's contest was unreasonable because Employer filed denials to all material allegations in response to Claimant's Review Petition and then presented no evidence to excuse the failure to pay Provider in accordance with the Determinations. C.R. at 32. The WCJ properly noted Employer failed to present either proof of payment or the reason payment was not fully made. *Id*. The WCJ's findings are supported by substantial evidence. By denying "[a]ll allegations regarding failure to pay medical bills" in the Review Petition, but then offering no evidence of payment or explanation why it failed to pay Provider, Employer forced Claimant to incur counsel fees to litigate this issue. Employer failed to establish a reasonable basis for contesting Claimant's claim and, accordingly, under Section 440 of the Act, Claimant was entitled to Counsel Fees. Therefore, the WCJ did not err by awarding Claimant Counsel Fees.

**CONCLUSION**

For the reasons outlined above, the Board did not err by affirming the WCJ's Decision.  Accordingly, we affirm the Board's Order.

_____
STACY WALLACE, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Day-Timers, Inc.,                :
              Petitioner     :
                            :
          v.            : No. 538 C.D. 2024
                            :
Rhonda Horton (Workers'    :
Compensation Appeal Board),   :
              Respondent  :

# **O R D E R**

    **AND NOW**, this 15th day of August 2025, the Workers' Compensation Appeal Board's order dated April 3, 2024, is **AFFIRMED**.

                              _____

                              STACY WALLACE, Judge